**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-P395-H**

**ROBERT DEWHAYNE WILSON**                                                                  **PLAINTIFF**

**v.**

**JOHN REES** *et al.*                                                                                      **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Robert Dewhayne Wilson filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA") under 42 U.S.C. §§ 12131 and 12132, and the Rehabilitation Act of 1973 ("RA"). He brings suit against John Rees, Commissioner of the Kentucky Department of Corrections; Larry Chandler, Warden of the Kentucky State Reformatory ("KSR"); Paige McGuire, Deputy Warden over medical at KSR; Ravonne Sims, Unit Director at KSR; and Lisa Fraley, nurse at KSR. He sues each Defendant in his or her individual and official capacities and seeks damages in the amount of $500,000 and a permanent and immediate injunction ordering that he receive a back operation, be housed in a handicap-accessible cell equipped with proper provisions, and receive the proper pain medication.

Plaintiff alleges that he is partially paralyzed and is confined to a wheelchair due to falling at Luther Luckett Correctional Complex. He was then transferred to KSR, where he has repeatedly been denied medical care, including examination by a physician and administration of proper medical tests, pain medication, and a back operation. At KSR, Plaintiff was initially placed in Seg-walk 5, which is not handicap accessible. Upon the filing of a grievance, he was moved to Seg-walk 1, which has handicapped bars. Only days later, however, Plaintiff was "'force moved'" to Seg-walk 3 (which Plaintiff claims has no handicap bars and is not handicap accessible) "because the need arose to house a protective custody (PC) inmate to the walk that [Plaintiff was]

on, as this walk is an overflow for PC inmates." Since being placed in Seg-walk 3, Plaintiff has fallen, causing further injury to his back and continued denial of medical treatment. Plaintiff finally claims that he is being denied adequate and meaningful access to the courts because Defendants have refused to provide legal postage and "to allow legal pleadings to be copied or mailed due [] to the plaintiffs current status as an indigent person."

### I.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

## II.

### A. Section 1983 official capacity claims for damages

The § 1983 official capacity claims for damages will be dismissed on two bases. First, Defendants, as state officials and employees sued in their official capacities for damages, are absolutely immune from § 1983 liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, Defendants are not "persons" subject to suit within the meaning of § 1983 when sued in their official capacities for monetary damages. *Will*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (same). Consequently, the § 1983 official capacity claims for damages against all Defendants will be dismissed by separate Order.

### B. Section 1983 denial-of-access-to-courts claim

To state a claim for a denial of access to the courts, a prisoner will have to demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). That is, there must be an actual injury, and no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356. In addition, "only prisoners with non-frivolous underlying claims can have standing to litigate an access-to-courts action." *Hadix v. Johnson*, 182 F.3d 400 (6th Cir. 1999) (quoting *Lewis v. Casey*, 518 U.S. at 353 & n.3 ("Depriving someone of a frivolous claim, . . . deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions.")).

It is unclear whether Plaintiff is alleging that Defendants are attempting to impede the instant litigation or other litigation. To the extent that he is claiming that they are attempting to impede the instant litigation by failing to make copies and provide postage for mailing, Plaintiff has not shown that the presentation of any claim has been prevented. The mere fact that Plaintiff has filed the instant action as well as a recent motion for appointment of counsel demonstrates that he is not being denied access to courts. To the extent that he is claiming that Defendants are attempting to impede other litigation, Plaintiff wholly fails to specify the type of claim that is allegedly being frustrated, and as such, he wholly fails to demonstrate that a non-frivolous claim has been lost or rejected or that the presentation of any non-frivolous claim is being prevented. For these reasons, the denial-of-access-to-courts claim will be dismissed by separate Order.

### C. Remaining claims

Plaintiff's § 1983 Eighth Amendment claims that he has been and is being denied adequate medical treatment will continue against all Defendants in their official capacities for injunctive relief and in their individual capacities for damages. Plaintiff's § 1983 Eighth Amendment claim as well as his ADA and RA claims that he has been and is being denied access to a handicap cell will continue against all Defendants in both their official and individual capacities. The Court will enter a separate Scheduling Order to govern the development of these remaining claims.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4412.005