UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-P395-H

ROBERT DEWHAYNE WILSON                                                    PLAINTIFF

v.

JOHN REES *et al.*                                                        DEFENDANTS

## MEMORANDUM AND ORDER

"'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court.  It is a privilege and not a right.'"  *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)); 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").  "'It is a privilege that is justified only by exceptional circumstances.'"  *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).  "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.'  This generally involves a determination of the 'complexity of the factual and legal issues involved.'"  *Id.* (citations omitted).

At this early stage in the litigation, the Court finds that the complexity of the issues and facts in this case does not necessitate the appointment of counsel.  Further, based on the documents filed by Plaintiff thus far, it appears that Plaintiff is able to represent himself sufficiently at this time.  Accordingly, **IT IS ORDERED** that the motion for appointment of counsel (DN 8) is **DENIED**.

Date:

cc:    Plaintiff, *pro se*
       Defendants
       General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4412.005