UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-P395-H

**ROBERT DEWHAYNE WILSON**                                                                  **PLAINTIFF**

**v.**

**JOHN REES** *et al.*                                                                                                **DEFENDANTS**

**MEMORANDUM AND ORDER**

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 while incarcerated at the Kentucky State Reformatory.  As part of his complaint, Plaintiff sought "an immediate restraining order ordering the defendants to issue proper medical care to get plaintiffs back operation and to provide handicap bars and handicap accessible cells for wheel chairs and to provide proper pain medication."  (DN 1, Compl., Mem., p. 11).  On initial review, the Court entered a scheduling order to govern the development of the Eighth Amendment claim of denied medical treatment and the Americans with Disabilities Act and Rehabilitation Act claims of denied access to a handicapped cell.  The Court also ordered Counsel for the Justice and Public Safety Cabinet to file a separate response to Plaintiff's request for an immediate injunction.  The issue has now been fully briefed by the parties and is ripe for consideration by the Court.

To determine whether to grant a temporary restraining order or a preliminary injunction, a district court must consider:  (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether its issuance would cause substantial harm to others; and (4) whether the public interest would be served by its issuance.  *Summit County Democratic Central and Executive Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004); *Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross & Blue Shield Ass'n*, 110 F.3d 318, 322 (6th Cir. 1997).  These factors are not "rigid and unbending

requirements," as there is no "fixed legal standard" in determining whether to issue an injunction. *In re: Eagle-Picher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992).

In his reply brief, Plaintiff noted that he was soon to be released from incarceration (DN 18), and in a more recently filed notice, Plaintiff advises of his release on June 18, 2007 (DN 21). An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding inmate's request for injunctive relief moot as he was no longer confined to the institution where the alleged wrongdoing occurred). Here, it is clear that Plaintiff would derive no benefit from granting the requested relief. Plaintiff is no longer being held at the Kentucky State Reformatory, so an order requiring that facility to provide Plaintiff with treatment, medication, and handicapped access would do him no good.

Accordingly, because Plaintiff's claims for injunctive relief have been mooted by his release, **IT IS ORDERED** that his request for immediate restraining order (DN 1) is **DENIED**.

Date:

cc: Plaintiff, *pro se*
       Counsel of Record
4412.005